UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> :    Case No. 1:13-cv-1361-SEB-MJD |
| v. | : <br> : |
| JOHN K. MARCUM AND GUARANTY RESERVES TRUST, LLC, | :    Hon. Sarah Evans Barker <br> : <br> : |
| Defendants, <br> and | : <br> : <br> : |
| MARCUM COMPANIES LLC, | : <br> : |
| Relief Defendant. | : <br> : |

**ORDER OF PRELIMINARY INJUNCTION, ASSET FREEZE,
AND OTHER ANCILLARY RELIEF**

Having considered Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Ancillary Relief (Dkt # 2), Plaintiff's Memorandum in Support of its *Ex Parte* Motion for a Temporary Restraining Order and Ancillary Relief (Dkt # 3) and accompanying evidentiary materials, and the Complaint (Dkt # 1) filed by plaintiff U.S. Securities and Exchange Commission ("the SEC"), as well as the Order for Temporary Restraining Order and Other Ancillary Relief (Dkt # 11) and the Asset Freeze Order (Dkt # 12) entered by the Court on August 26, 2013, along with Plaintiff's Motion for Order of Preliminary Injunction, Asset Freeze, and Other Ancillary Relief (Dkt # 16) and accompanying evidentiary materials, the Court finds that the SEC has made a proper *prima facie* showing that: (i) Marcum and GRT directly or indirectly engaged in the violations alleged in the Complaint; (ii) there is a reasonable likelihood

that these violations will be repeated; (iii) unless restrained and enjoined by Order of this Court, Marcum, GRT, and Marcum LLC may dissipate, conceal or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) entry of a preliminary injunction, asset freeze, and order for other equitable relief as set forth below is necessary and appropriate:

A. This Court has jurisdiction over the subject matter of this case and over defendants John K. Marcum and Guaranty Reserves Trust, LLC, and relief defendant Marcum Companies LLC.

B. There is good cause to believe that the SEC ultimately will be able to establish that defendants have engaged and are about to engage in transactions, practices and courses of business that constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a) and 77e(c)].

C. There is good cause to believe that the SEC ultimately will be able to establish that defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

D. There is good cause to believe that the SEC ultimately will be able to establish that defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

E. There is good cause to believe that, unless preliminarily enjoined by Order of this Court, defendants will continue to engage in such transactions, acts, practices and courses of

business and in such violations; that defendants' illicit gains that could otherwise be subject to an order of disgorgement may be dissipated; and that documents could be destroyed.

      F.      There is good cause to believe that unless frozen by Order of this Court, assets that otherwise could have been subject to an order of disgorgement will be dissipated, concealed, or transferred from the jurisdiction of this Court.

      G.      There is good cause to believe that it is necessary to preserve and maintain the business records of defendants John K. Marcum and Guaranty Reserves Trust, LLC, and relief defendant Marcum Companies LLC, from destruction.

      H.      Therefore, the Order of Preliminary Injunction, Asset Freeze, and Other Ancillary Relief should be, and is, granted as set forth more fully below.

**IT IS THEREFORE ORDERED:**

**I.    DEFENDANTS ARE PRELIMINARILY ENJOINED FROM VIOLATING THE REGISTRATION PROVISIONS OF THE SECURITIES ACT OF 1933**

Defendants, their agents, servants, employees, attorneys, entities under their control, and those persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby preliminarily enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

      A.      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      B.      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  C. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II. DEFENDANTS ARE PRELIMINARILY ENJOINED FROM VIOLATING SECTION 17(A) OF THE SECURITIES ACT OF 1933**

  Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in violation of Section 17(a) of the Securities Act [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)], and in connection with the offer or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

  A. employing any device, scheme or artifice to defraud;

  B. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.    DEFENDANTS ARE PRELIMINARILY ENJOINED FROM VIOLATING SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

A.    employing any device, scheme or artifice to defraud;

B.    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IV.    ALTERNATIVE MEANS OF SERVICE OF PROCESS**

A.    Notice of this Order, or any other Orders of the Court or notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, (i) upon any defendants, relief defendant, or on their attorney(s); and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading

company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of an Order.

  B. Service of pleadings governed by Rule 4 of the Federal Rules of Civil Procedure, including service of the summons and complaint, may be made personally, by facsimile, by email, by overnight courier, or by mail upon each defendant, relief defendant his or her attorney, his or her U.S. agents, including defendant John K. Marcum, and any of their respective affiliates, to the extent permitted by law, by representatives of the SEC, representatives of the United States Postal Service, federal marshals, any other qualified person over the age of 21 years, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, including the issuance of letters rogatory, or as this Court may direct by further order.

## V. ASSET FREEZE ORDER

Pending further order of this Court, the Asset Freeze Order (Dkt # 12) entered by the Court on August 26, 2013 shall continue in full force and effect, and all such funds and other assets shall remain frozen.

## VI. ORDER PROHIBITING DESTRUCTION OF RECORDS

Pending further order of this Court, the order barring the destruction of documents imposed by paragraph V of the Order for Temporary Restraining Order and Other Ancillary Relief (Dkt # 11) entered by the Court on August 26, 2013 shall continue in full force and effect.

## VII. AN ACCOUNTING

Within seven (7) calendar days of the issuance of this Order, each defendant and relief defendant shall each make a sworn accounting to this Court in the manner set forth below. The sworn accounting shall cover the period from January 1, 2010 to the present.

      A.      The sworn accounting shall reflect (a) all assets, funds and property received, directly or indirectly, from anyone who invested in, provided loans to, or otherwise gave, directly or indirectly, assets, funds or property to defendants or relief defendant; (b) the amount of such funds or value of such assets; (c) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (d) the uses to which such funds were put; and (e) the amounts of any remaining assets or funds and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

      B.      For defendant John K. Marcum, the sworn accounting shall further reflect (a) all assets, funds and property received, directly or indirectly, from any client; (b) the amount of such funds or value of such assets; (c) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (d) the uses to which such funds were put; and (e) the amounts of any remaining assets or funds and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

      C.      For defendants and relief defendant, the sworn accounting shall further reflect all of his assets and liabilities, wherever such assets and liabilities are located. For each such asset and liability, the accounting shall include: (a) a description of the asset or liability; (b) the amount or value or the asset or liability; (c) the location of the asset or liability, including when

appropriate the name and address of the bank or other financial institution in which the asset or liability is located, the account name, and the account number; (d) the date the asset was acquired or the date the liability was incurred; and (e) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

## VIII.  OTHER RELIEF

A.   The United States Marshal in any district in which any defendant or relief defendant resides, transacts business or may be found is authorized and directed to make service of process upon any defendant or relief defendant at the request of the SEC.

B.   This Court shall retain jurisdiction of this matter for all purposes.

C.   Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

## IX.  PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing in this Order shall be construed to require that defendants or relief defendant abandon or waive any constitutional or other legal privilege which they may have available to them including the Fifth Amendment privilege against self-incrimination. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

X.	**DURATION OF ORDER**

This Order of Preliminary Injunction, Asset Freeze, and Other Ancillary Relief shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action.

IT IS SO ORDERED.

Date: 09/09/2013

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record