UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:13-cv-01361-SEB-MJD ) ) |
| JOHN K MARCUM, GUARANTY RESERVES TRUST LLC, MARCUM COMPANIES LLC Relief, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER IMPOSING DEFAULT JUDGMENT AS TO JOHN K. MARCUM, GUARANTY RESERVES TRUST, LLC, AND MARCUM COMPANIES LLC**

This matter comes before the Court on Plaintiff United States Securities and Exchange Commission's ("SEC") Motion for Default Judgment as to Defendants John K. Marcum and Guaranty Reserves Trust, LLC ("Defendants") and Relief Defendant Marcum Companies LLC ("Relief Defendant"). The Court has considered this motion, the memorandum of law, and declaration in support of the motion, and having been fully advised, finds:

1. That Defendants and Relief Defendant have been properly served with the Complaint filed in this action;[1]

---

[1] On September 27, 2013, Plaintiff supplied Affidavits of Service for Summons served on John K. Marcum [Dkt. No. 19], Guaranty Reserves Trust, LLC [Dkt. No. 20], and Marcum Companies LLC [Dkt. No. 21]. Each Affidavit of Service certifies that the defendant was served via email to 1johnmarcum@gmail.com on September 3, 2013 and via mail to John K. Marcum at PO Box 50973, Indianapolis, IN 46250 on September 4, 2013. [*See* Dkt. Nos. 19-21.] Each Affidavit further declares that Mr. Marcum informed Senior Trial Counsel, Robert M. Moye with the U.S. Securities and Exchange Commission, that he would accept service of the summons via

2. That Defendants and Relief Defendant have not defended themselves in this action;

3. That the Clerk has properly entered defaults against Defendants and Relief Defendant, pursuant to Fed. R. Civ. P. 55(a);

4. That entry of default judgments against Defendants and Relief Defendant is appropriate under Fed. R. Civ. P. 55(b)(2);

5. That the injunctive relief against Defendants, and the monetary relief against Defendants and Relief Defendant, is adequately supported in fact and law by the evidence and methodology set forth in the motion, Plaintiff's memorandum in support of the motion, and a declaration; and

6. That, therefore, Plaintiff's motion should be, and is, GRANTED and the Court hereby orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or

---

email and U.S. mail both individually and as the sole member and manager of Guaranty Reserves Trust, LLC and Marcum Companies LLC. Because a defendant can consent to service in a manner other than that proscribed by Federal Rule of Civil Procedure 4, and indeed, can waive service of process entirely, we find that Defendants have been properly served. 4 Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1062 (3d ed.) ("[I]t should be remembered that a person or an entity can consent to receive service of process in a manner that deviates from Rule 4 or can waive notice and service altogether."); *J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, No. 1:10-cv-326, 2011 WL 2199704, at *7 (N.D. Ind. June 6, 2011).

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $6,103,648, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $437,017, for a total of $6,540,665. Relief Defendant is liable for disgorgement in the amount of $503,295, representing profits gained as a result of the conduct alleged in the Complaint. Defendants shall satisfy their obligation by paying $6,540,665, less any amount paid by the Relief Defendant, to the SEC within 14 days after entry of this judgment. Relief Defendant shall satisfy its obligation by paying $503,295 to the SEC within 14 days after entry of this judgment.

Defendants and Relief Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment

may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John K. Marcum and Guaranty Reserves Trust, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendant shall, simultaneously with payment, transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants and Relief Defendant relinquish all legal and equitable rights, titles, and interests in such funds and no part of the funds shall be returned to Defendants and Relief Defendant.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures

authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants and Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay a civil penalty in the amount of $6,540,665 each to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall make this payment within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John K. Marcum and Guaranty Reserves Trust, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall, simultaneously with payment, transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Date: __11/14/2014__

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian D. Fagel
U.S. SECURITIES AND EXCHANGE COMMISSION
fagelb@sec.gov

Robert M. Moye
U.S. SECURITIES AND EXCHANGE COMMISSION
moyer@sec.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov